# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GALIN R. BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV451 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DEAN J. JUNGERS, | ) | |
| UNIFUND CCR PARTNERS, | ) | |
| ZB LIMITED PARTNERS, and CREDIT | ) | |
| CARD RECEIVABLES FUND, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Strike Affirmative Defenses (Filing No. 21). The plaintiff seeks to strike certain affirmative defenses plead by defendants Unifund CCR Partners, Credit Card Receivables Fund, Inc. , and ZB Limited Partners, (collectively the Unifund defendants). The plaintiff filed a brief (Filing No. 22) in support of the motion. The Unifund defendants filed a brief (Filing No. 26) and an index of evidence (Filing No. 27) in opposition to the motion. The plaintiff filed a brief (Filing No. 31) in reply. The defendant Dean J. Jungers did not participate in the briefing of this motion.

## BACKGROUND

On October 7, 2008, the plaintiff filed suit against the defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. § 59-1601 *et seq.* **See** Filing No. 1 - Complaint; **see also** Filing No. 8 - Amended Complaint. The plaintiff alleges he suffered from identity theft after which he received collection letters from the defendants. The plaintiff further alleges the defendants have a routine practice of sending letters to consumers like the plaintiff. The plaintiff contends the collection letters fail to provide the recipient with notice of his or her validation of rights pursuant to the FDCPA, specifically 15 U.S.C. § 1692g(a). On November 3, 2008, the Unifund defendants filed an answer

denying liability and itemizing several affirmative defenses.  **See** Filing No. 13.  On November 25, 2008, Mr. Jungers filed an answer to the Amended Complaint.  **See** Filing No. 25.  The plaintiff does not challenge Mr. Jungers' Answer by way of a motion to strike.

On May 26, 2008, prior to filing this lawsuit, the plaintiff and another filed an action against the same defendants for violations of the FDCPA and NCPA.  **See** Filing No. 1 - *Williams'* Complaint - ***Williams, et al., v. Unifund CCR Partners, et al.***, 8:08CV218 (D. Neb.) (***Williams*** action).  In the ***Williams*** action, the plaintiffs allege the defendants' liability arises from the practice of "filing or proceeding on time-barred lawsuits without first making reasonable inquiry about the time-barred claims" and wrongfully "asserting entitlement to and collection of statutory attorneys' fees."  *Id.*  The plaintiffs in the ***Williams*** action have also filed a motion to strike most of the Unifund defendants' defenses.

On November 8, 2008, the plaintiff filed the instant motion seeking to strike the Unifund defendants' first, second, third, fourth, fifth, seventh and eighth defenses.  **See** Filing No. 21.  Generally, the plaintiff contends these defenses fail as a matter of law for insufficiency, that is the Unifund defendants fail to provide sufficient support, legal or otherwise, to provide the plaintiff with adequate notice of the elements of each defense. Further, the plaintiff argues the defenses are not based on the facts of this case.  Finally, the plaintiff states having to conduct discovery and additional motion practice based on these faulty defenses is a burden on the plaintiff.

The Unifund defendants deny any of the defenses should be stricken.  The Unifund defendants rely on their brief filed in this case and the brief filed in the ***Williams*** action. **See** Filing No. 46 in case 8:08CV218.  The Unifund defendants argue there is no prejudice to the plaintiff by inclusion of the defenses and these defendants will re-evaluate the necessity for the defenses upon further discovery.  However, according to these defendants, the motion to strike is premature because the case is at an early stage of proceedings.

## ANALYSIS

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." **See** Fed. R. Civ. P. 12(f). A party may move the court to strike an opposing party's pleading "within 20 days after being served with the pleading" or the court may act on its own. *Id.*. A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings. **See** *id.* Accordingly, "[a] motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted).

Affirmative defenses are subject to Federal Rule of Civil Procedure 8(b), which require a party "state in short and plain terms" the party's defenses to each claim asserted against it. Fed. R. Civ. P. 8(b). Additionally, Rule 8(c) requires a party to affirmatively state any affirmative defenses. **See** Fed. R. Civ. P. 8(c).

> However, this does not mean that they must be pleaded with particularity. Rather, a defendant's assertion of an affirmative defense is adequate when it gives the plaintiff fair notice of the defense. Rule 8(c) is designed to ensure that a defendant has notice that a particular defense is in play in the case, not necessarily how that defense applies:
>> The requirement that affirmative defenses be specifically pleaded is based on notions of fair play. A party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention. At the same time, hypertechnicality in pleading requirements should be avoided. Thus, liberal pleading rules are equally applicable to the pleading of affirmative defenses. More important, what matters is not whether the magic words "affirmative defense" appears in pleadings, but whether the Court and the parties were *aware of the issues involved*.
>
> Along that line, defenses should not be stricken where the law or facts determining their application are unclear.

*New Hampshire Ins. Co. v. Marinemax of Ohio, Inc.*, 408 F. Supp. 2d 526, 529-30 (N.D. Ohio 2006) (internal citations omitted); **see** *Barnwell & Hays, Inc. v. Sloan*, 564 F.2d 254,

255 (8th Cir. 1977) (particular terminology not required, affirmative defense sufficient if apprises the plaintiff of the defendant's intention to rely on defense); **see also** *General Elec. Capital Corp. v. Lanmann*, No. 2:05-CV-1130, 2006 WL 2077103, at *3 (S.D. Ohio July 24, 2006) (unpublished) ("Rule 8(c) similarly targets fair notice, but is arguably even less demanding than its Rule 8(b) counterpart."); *Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) (unpublished) ("Rule 8(c) merely requires affirmative defenses to be affirmatively set forth, but does not require even a short and plain statement."). By contrast, an affirmative defense with no basis in law may be stricken. **See** *United States v. Dico, Inc.*, 266 F.3d 864, 879-80 (8th Cir. 2001) (defense stricken where foreclosed by circuit precedent).

Generally, motions to strike affirmative defenses are granted only when the court is "convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the defense succeed." *Puckett v. United States*, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999) (quotation omitted). "Essentially, then, the [pleading party] must provide enough information to allow the [opposing party] to know what issues to delve into during discovery." *New Hampshire Ins.*, 408 F. Supp. 2d at 528. Furthermore, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Finally, a party must usually make a showing of prejudice before a court will grant a motion to strike. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

### A.    First Defense

The plaintiff seeks to strike the Unifund defendants' first defense. Specifically, it appears the plaintiff seeks to have stricken the words "First Defense" which are on page one of the answer. The plaintiff notes the placement of the words is above the entire answer, but argues the Unifund defendants' "tactic clearly does not comply with Fed. R. Civ. P. 10". **See** Filing No. 22 - Brief p. 3. The plaintiff does not attempt to strike the Unifund defendants' answer as a whole or any of the specific text under the heading. The

Unifund defendants' use of a heading on their answer does not constitute "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The use of a heading does not create confusion, an extraneous issue or burden for the plaintiff. Accordingly, the heading "First Defense" will not be stricken.

### B.     Second and Fifth Defenses

Under the Unifund defendants' heading titled Second Defense, the answer states: "Plaintiffs' [sic] Complaint fails to state a claim upon which relief may be granted, whether under the FDCPA, the NCPA, or otherwise." **See** Filing No. 13 - Answer p. 8. Similarly, under the Unifund defendants' heading titled Fifth Defense, the answer states "The Complaint fails to state a valid claim for attorneys' fees and costs." *Id.* p. 9. The plaintiff contends he alleges only two causes of action which clearly state claims for relief. Further, these claims, if proven, entitled the plaintiff to attorneys fees under the stated statutes. The plaintiff states neither of these defenses is a proper "affirmative defense" and they are without merit.

The Unifund defendants acknowledge these are not affirmative defenses, but state there is no time lost by listing them and no resources conserved by striking them. The Unifund defendants argue they did not have sufficient information to immediately file a motion under Fed. R. Civ. P. 12(b)(6), but believe the plaintiff has failed to state a claim based on the statute of limitations, which time frame the parties dispute. The Unifund defendants contend placing the defenses in the answer raises a dispute of law or fact and notifies the plaintiff of the Unifund defendants' position. Finally, the Unifund defendants state this defense is commonly pled in this district and does not prejudice the plaintiff.

Under the circumstances, the court will not strike the Unifund defendants' second and fifth defenses. The Unifund defendants are stating their position in their answer. Such statements are not scandalous or redundant. Additionally, the statements do not prejudice the plaintiff. While the court will not determine the merits of the defenses at this time, the defenses are not indisputably immaterial or insufficient, that is the defenses are not without any basis at law.

### C.     Third Defense

Under the Unifund defendants' heading titled Third Defense, the answer states:

> In Case No. 8:08-CV-00218, Plaintiff Galin Brown sued the same parties in this Court for causes of action arising out of the collection of the same account. Plaintiffs' [sic] claims are barred in whole or in part to the extent that the resolution of any claim or issue in Case No. 8:08-CV-00218 operates as claim preclusion (res judicata) or issue preclusion as to the claims or issues asserted in this Case No. 8:08-CV-00451.

**See** Filing No. 13 - Answer p. 9.

The plaintiff contends the third defense is legally insufficient and would prejudice the plaintiff to the extent the plaintiff would have to spend a great deal of time and expense moving for summary judgment.  **See** Filing No. 22 - Brief p. 4.  The plaintiff contends the issues raised in the *Williams* action are separate and distinct from the issues raised here. For example, the plaintiff contends the class of persons subjected to improper litigation (like the *Williams* plaintiffs) is only a small sub-set of the class subjected to the improper pre-litigation collection letter (like the plaintiff here).

The Unifund defendants argue they raised the res judicata defense because the same plaintiff was a party against the defendants based on collection efforts related to a single debt.  Further, the Unifund defendants assert regardless of the number of FDCPA violations associated with one collection action, the plaintiff would only be entitled to a maximum of $1,000 in damages.  According to the Unifund defendants, the *Williams* action, although ongoing, may impact any judgment in this action, at least for the named plaintiff.

It appears inappropriate to strike the Unifund defendants' third defense at this time. The Unifund defendants' third defense is not scandalous or redundant. The parties contest the viability of the defense including the law supporting it.  The court will not determine the merits of the defense in resolving a motion to strike.  The parties' dispute shows the defense is not clearly immaterial or insufficient.  Listing the defense in the answer notifies the plaintiff of the Unifund defendants' position and provides a basis for future action on the part of the plaintiff.  Listing the defense does not unduly prejudice the plaintiff.

### D.  Fourth Defense

Under the Unifund defendants' heading titled Fourth Defense, the answer states: "Plaintiffs' [sic] damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Defendants are not responsible or liable." **See** Filing No. 13 - Answer p. 9. The plaintiff contends the fourth defense is insufficient as a matter of law because the only other party involved is the Unifund defendants' attorney, Mr. Jungers. The plaintiff argues that since the Unifund defendants would be liable for the acts of their attorney there is no "third-party" who is or could be liable associated with this action.

The Unifund defendants argue the defense does not refer simply to other parties in the action, but may include non-parties. Specifically, the Unifund defendants stated they purchase or service distressed debt and may determine at a later time that a third-party might be responsible for some error. Accordingly, the Unifund defendants contend additional discovery is needed prior to determining the merits of the fourth defense.

The plaintiff has failed to show the Unifund defendants' fourth defense is insufficient as a matter of law. While the defense may not apply with regard to Mr. Jungers, the defense may apply to others. Inclusion of the defense allows the plaintiff to prepare for additional discovery, if necessary. While inclusion of the defense may insert an issue unanticipated or undesirable to the plaintiff, the issue, which is disputed, will not be resolved at this stage of litigation. Further, the Unifund defendants show the defense is not without some basis.

### E.  Seventh Defense

Under the Unifund defendants' heading titled Seventh Defense, the answer states: "To the extent there were any violations of state or federal law, such purported violations were not done by Defendants with the requisite intent or knowledge." **See** Filing No. 13 - Answer p. 9. The plaintiff contends the seventh defense is insufficient as a matter of law because both the federal and state causes of action are based on strict liability. Specifically, "Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999) aff'd, 236

F.3d 446 (8th Cir. 2001). However, the plaintiff acknowledges that knowledge may have a bearing on damages.

The Unifund defendants contend the defense does bear on liability with regard to the "bona fide error" defense. Further, they argue the application of this defense to the issue of damages, specifically failure to mitigate, is sufficient to prevent striking. The plaintiff disputes whether any failure to mitigate is relevant. The plaintiff notes the bona fide error defense is a valid defense, however it was separately pled as a defense by the Unifund defendants. Because the issue of intent or knowledge may be relevant to the issue of damages, the plaintiff's motion to strike the seventh defense should be denied.

### F. Eighth Defense

Under the Unifund defendants' heading titled Eighth Defense, the answer states: "Neither Plaintiffs [sic] nor any alleged class members have suffered any actual damages as a result of the alleged acts and/or omissions of any of the Defendants." **See** Filing No. 13 - Answer p. 9. The plaintiff states the defense is not true, but is also improper because an FDCPA plaintiff does not need to show damages to establish a right of recovery. **See** *Crawford v. Equifax Payment Servs., Inc.*, 1998 WL 704050, at * 12 (N.D. Ill. Sept. 30, 1998) (unpublished) (striking defense because "even assuming that plaintiff suffered no actual damages, plaintiff can still state a claim for relief under the FDCPA."). The Unifund defendants do not dispute the plaintiff's lack of necessity to show damages for liability. However, the Unifund defendants again state the defense is related to the issue of damages since the plaintiff may recover for his actual damages in addition to the statutory damages under the FDCPA. The Unifund defendants assert the inclusion of this defense provides context and background to inform the plaintiff and the court of the issues which may arise during the case. The inclusion does not prejudice the plaintiff who would be required to prove damages, if any, regardless of the stated defense.

Under the circumstances, the court will not strike the Unifund defendants' eighth defense. The Unifund defendants are stating their position in their answer. Such statement is not scandalous or redundant. Additionally, the statement does not prejudice the plaintiff who is not required to take any additional action or conduct additional discovery

on the issue. While the court will not determine the merits of the defense at this time, the defense is not immaterial or without basis at law. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Strike Affirmative Defenses (Filing No. 21) is denied.

DATED this 22nd day of January, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge