### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GALIN R. BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV451 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DEAN J. JUNGERS, | ) | |
| UNIFUND CCR PARTNERS, | ) | |
| CREDIT CARD RECEIVABLES FUND, | ) | |
| INC. and ZB LIMITED PARTNERS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel Defendant Dean Jungers' Rule 26(a) Disclosures, or in the Alternative, Motion *in Limine* to Exclude (Filing No. 39). The plaintiffs state Mr. Jungers has failed to serve his initial disclosures as required by Federal Rule of Civil Procedure 26(a) and this court's December 16, 2008 Order (Filing No. 32). On December 16, 2008, the court imposed a deadline of January 15, 2009, for the parties to serve the mandatory disclosures described by Rule 26(a)(1). **See** Filing No. 32. The deadline was based on the deadline proposed by the parties in their planning report. **See** Filing No. 30.

The plaintiffs state they have not received the mandatory disclosures from Mr. Jungers. The plaintiffs' counsel state they spoke to Mr. Jungers on February 5, 2009, about the failure to serve disclosures. Additionally, counsel state they sent a letter on February 9, 2009, but received no response. The plaintiffs state they had yet to receive the disclosures by the filing of the motion to compel on February 27, 2009. The plaintiffs filed an index of evidence (Filing No. 40) containing an affidavit attesting to the information alleged in the motion.

In response to the motion, on March 11, 2009, Mr. Jungers filed his initial disclosures. **See** Filing No. 41. Additionally, on the same date, Mr. Jungers file a response to the plaintiff's motion. **See** Filing No. 42. Attached to the response is an affidavit from Mr. Jungers' secretary explaining that the disclosures had been prepared on February 12, 2009, but through inadvertence were not filed with the court until March 11, 2009. ***Id.***

## ANALYSIS

Rule 26(a)(1) provides that certain initial disclosures be made to all parties without awaiting a discovery request. Under Rule 26, parties must make the initial disclosures "within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." **See** Fed. R. Civ. P. 26(a)(1)(A), 26(a)(1)(C). In this case, the parties agreed to provide disclosures by January 15, 2009. **See** Filing No. 30. Thereafter, the progression order also required the parties to make their mandatory disclosures by January 15, 2009. **See** Filing No. 32. Mr. Jungers failed to respond to the plaintiff's attempt to attain the disclosures. Further, only in response to the plaintiff's motion to compel did Mr. Jungers finally provide the disclosures.

Federal Rule of Civil Procedure 37 provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Further such motion, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The court finds the plaintiffs have included sufficient certification required by this rule. Under the circumstances present, the plaintiff's motion to compel will be denied as moot with regard to requiring the disclosures. However, even though Mr. Jungers has now provided the disclosures, the court will consider sanctions.

Rule 37 further provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . .

Fed. R. Civ. P. 37(c)(1).

The plaintiff originally sought an order from the court requiring the delinquent disclosures, or in the alternative, excluding Mr. Jungers from presenting any evidence he

failed to disclose. Mr. Jungers fails to explain why he did not serve the initial disclosures as required by the federal rules and the court's earlier order. Additionally, Mr. Jungers' explanation for his failure to "file" the disclosures with the court provides no justification for his failure to comply with the rules. Mr. Jungers violated the discovery rules by his failure to provide discovery to the parties, not by failure to file with the court. As a technical matter, there is no requirement for initial disclosures to be filed with the court. The Civil Rules of the United States District Court for the District of Nebraska require a party to file only the certificate of service with the court. **See** NECivR 26.1. The certificate of service merely provides the court with notice of a party's compliance with the discovery rules. Here, it appears Mr. Jungers did not prepare the disclosures until one month after the court's deadline for service and two contacts by the plaintiff's counsel. Moreover, Mr. Jungers did not provide the discovery information to the plaintiff until after the plaintiff filed a motion to compel. Mr. Jungers cannot escape sanctions by providing late discovery only after the plaintiff filed a motion to compel. **See** Fed. R. Civ. P. 37(a)(5)(A). Mr. Jungers' conduct required the plaintiff to make several contacts with him and file the instant motion to compel before receipt of the mandatory disclosures. Accordingly, the court finds sanctions in this matter are appropriate and Mr. Jungers has failed to provide any legal justification for suspension of sanctions. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Defendant Dean Jungers' Rule 26(a) Disclosures, or in the Alternative, Motion *in Limine* to Exclude (Filing No. 39) is denied, as moot.

2. The plaintiffs are awarded reasonable costs and attorney's fees in bringing the November 14, 2008 motion to compel (Filing No. 39).

3. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before April 15, 2009,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the plaintiff may file **on or before April 16, 2009,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4.

Mr. Jungers shall have **until on or before April 30, 2009,** to respond to the plaintiff's application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 24th day of March, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge