FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

09 DEC 14   PM 12: 49

OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

Galin R. Brown, On Behalf of Himself
and All Others Similarly Situated,

Plaintiff,

vs.

Dean J. Jungers, Unifund CCR Partners,
Credit Card Receivables Fund, Inc., and
ZB Limited Partners,

Defendants.

**Case No.: 8:08-CV-451**

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLMENT AND DIRECTING ENTRY OF FINAL JUDGMENT AND FOR THE AWARD OF CLASS COUNSELS' FEES AND COSTS

THIS MATTER comes before the Court on the 10th day of December, 2009, upon

consideration as to whether the proposed settlement of the above referenced litigation (the

"litigation") should be finally approved, the parties having presented their Settlement

Agreement to the Court and the Court having held a hearing on the fairness of the

proposed settlement of the litigation at which objectors to the settlement could appear,

and the Court being fully advised in the premises, finds as follows:

A. Notice of the proposed settlement has been timely mailed to:

**CLASS I: FDCPA CLASS**

Includes: (a) All persons with addresses in Nebraska, (b) to whom Defendants

sent, or caused to be sent, a letter attached as Exhibit "A" to Plaintiff's Amended

Complaint, (c) in an attempt to collect an alleged debt, (d) which, as shown by the nature

1

of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal, family, or household purposes, (e) during the one year period prior to the date of filing this action through the date of class certification.

## CLASS II: NCPA CLASS

Includes: (a) All persons with addresses in Nebraska, (b) to whom Defendants sent, or caused to be sent, a letter attached as Exhibit "A" to Plaintiff's Amended Complaint, (c) in an attempt to collect an alleged debt, (d) which, as shown by the nature of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal, family, or household purposes, (e) during the four year period prior to the date of filing this action through the date of class certification.

B. The total number of class members who timely requested exclusion from the Class, and who did not later revoke their exclusion is: (4) FOUR. Those persons are listed on Schedule A attached hereto and are not bound by this Final Judgment and Order. There are no Objectors to this Settlement.

C. The issues as to liability and remedies, if any in the litigation to which there are substantial grounds for difference of opinion, the proposed settlement constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the class.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, THAT:

1. The settlement class, defined above is certified.

2. The Settlement agreement submitted herein is approved as fair, reasonable and adequate pursuant to Rule 23 of the federal Rules of Civil procedure, and the parties are

directed to consummate such agreement in accordance with its terms. All terms defined in the Settlement Agreement have the same meanings when used herein.

3. The litigation is hereby dismissed with prejudice. All class members who did not timely request exclusion shall be barred and enjoined from bringing any and all claims, actions and causes of action that were asserted or could have been asserted in the allegations asserted against the Defendants. By the terms of the Settlement Agreement, all claims which could have been asserted by (i) the representative Plaintiff, against (ii) Defendants (iii) their respective heirs, parents, partners, contractors, clients, subsidiaries and affiliates (iv) the partners, directors, officers, employees, attorneys agents, successors, and assigns, both past and present, of the Defendants, and (v) any attorney representing them in this litigation are released.

4. Representative Plaintiff and the class members are hereby enjoined and barred from bringing any claim, action, or cause of action, against Defendants or any of their attorneys, administrators, successors or assigns that have been released under the Settlement Agreement, notwithstanding anything in the Settlement Agreement to the contrary.

5. The representative Plaintiff Galin R. Brown is awarded $5,000.00 for his service as class representative. Within thirty (30) days of the effective date of the Settlement Agreement, the settlement administrator shall pay such award to the representative Plaintiff from the settlement fund.

6. Upon the effective date of the Settlement Agreement, the settlement administrator

(which shall be First Class, Inc.) shall distribute the funds from the settlement fund and credits to the class members within thirty (30) days, as follows; and shall account to the class counsel and the Court for such payments; the settlement administrator shall pay each class member as follows:

As statutory relief under the FDCPA and the NCPA Classes each member of either Class whose debt to Unifund has been extinguished as of the Effective Date of the Settlement Agreement, an equal, pro rata share of eighteen thousand seven hundred fifty dollars ($18,750.00). The distribution will be in the form of a check, which will become void sixty days from the date of issue (the "Void Date").

As statutory relief under the FDCPA and NCPA and as actual damages, each member of the Classes whose debt to Unifund is one hundred twenty five dollars ($125.00) or less as of the Effective Date of the Settlement Agreement shall receive a credit from Unifund against his or her balance due in the amount then owed. Further, each member of the Classes whose debt to Unifund is more than one hundred twenty five dollars ($125.00) as of the Effective Date of the Settlement Agreement shall receive a credit from Unifund against his or her balance due in the amount of one hundred twenty five dollars ($125.00).

Defendants will hereafter refrain from sending written correspondence to consumers in the State of Nebraska for the purpose of collecting debt which: 1) sets forth a case caption against the consumer if no such case has been filed; 2) overshadows the time period under the FDCPA for the consumer to request verification of the debt or the

4

identity of the original creditor by seeking payment of the debt in a lesser time period; 3) notifies a consumer of their right to verification of the debt but fails to inform the consumer that the request for verification must be in writing; or 4) states that the consumer will be responsible for another party's costs and attorneys fees if litigation is commenced against the consumer.

Any class member who is a member of both the FDCPA Class and the NCPA Class shall be limited to a single recovery, as outlined above, as if he or she were only a member of one class and shall receive the recovery of the greatest value.

7. To the extent that class members checks are returned or remain uncashed for a period of 60 days after mailing, or if for any other reason, there still remains a portion of the settlement fund undistributed, such sums shall be distributed equally to the following *cy pres* recipients: the *National Association of Consumer Advocates*, and the *National Consumer Law Center*. The settlement administrator will account to the Court and to class counsel within 60 days of the expiration date of the originally issued checks concerning the number of uncashed checks, if any, so distribution to the *cy pres* recipients can be made. In no event shall any portion of the settlement fund or uncashed checks revert to the Defendants.

8. Class counsel are hereby awarded forty thousand dollars ($40,000.00) in fees and costs reimbursement for services rendered with regard to the settlement of the claims against the Defendants. Said amount is a fair and reasonable sum. Said sum is to be paid by the Defendants within thirty (30) days of the effective date of the Settlement

Agreement.  Should there be any further motions or appeals filed hereafter, class counsel may apply to the Court for a further award as allowed by law.

9. Consummation of the settlement shall proceed as described in the Settlement Agreement.  The Court hereby retains jurisdiction of this matter in order to resolve any disputes, which may arise in the implementation of the Settlement Agreement or the implementation of the Final Judgment and Order.  This Court maintains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the settlement fund.  Final Judgment shall be entered by the clerk as provided herein.

Dated this ___/0___ day of ___DEC___ , 2009

BY THE COURT:

Joseph F. Bataillon
United States District Judge

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| Galin R. Brown, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Dean J. Jungers, Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB Limited Partners,<br><br>Defendants. | **Case No.: 8:08-CV-451**<br><br>**SCHEDULE OF OPT OUTS FROM CLASS ACTION SETTLEMENT** |

The following four individuals have opted out of this settlement:

| Name | Address | Date of Letter |
|---|---|---|
| David Wieseler | XXXXXXX<br>Norfolk, NE | |
| Lori Metzsch | XXXXXXX<br>Omaha, NE 68164 | 9/20/2009<br>Filing No. 71 |
| Raymond Clayton | XXXXXXX<br>Omaha, NE | 10/20/2009 |
| Jennifer L. Redmer | XXXXXXX<br>Omaha, NE | |

**Exhibit A**

7